On March 12th, 1912, the defendant Herman Heinrich Wachendorf was the owner of a one-sixth interest in certain lands in Hoboken, the remaining interests being owned by his step-mother, the defendant Theresa Wachendorf, and his brothers and sisters. His step-mother owned a one-third interest, and he and the brothers and sisters each a one-sixth interest. Herman Wachendorf conveyed his interest to his wife, Anna, through an intermediary, by deeds dated March 12th, 1912, recorded March 13th, 1912. These conveyances were palpably for the purpose of defrauding complainant, to whom Herman Wachendorf was indebted in the sum of approximately $1,000, and who had at that time begun suit in the supreme court against his debtor for the enforcement of that claim. On April 13th, 1912, judgment on relicta was entered in said suit against Herman Wachendorf for *Page 174 
$1,062.06. Execution was not issued on this judgment until August 20th, 1924, after which the execution was delivered to the sheriff and returned unsatisfied. No further steps were taken to enforce the collection of this judgment until the filing of the present bill in February, 1926.
In February, 1914, the defendant Theresa Wachendorf purchased the outstanding interests of her children and step-children, including that of Herman Wachendorf, previously transferred to his wife, for valuable consideration on the basis of a valuation of $5,700 for the entire property. Herman Wachendorf received in cash for his share only a small amount of money — my recollection is that it was less than $100 — the balance of the amount to which he was entitled being applied by his step-mother, and with his consent, to the payment of debts due her and her sister. The defendant Theresa Wachendorf occupied the premises in question down to July, 1924, when she conveyed to the defendant Linkogel, taking as part payment of the purchase price a purchase-money mortgage for $6,000, due in 1929, and which she still holds.
In March, 1925, Linkogel conveyed to the defendant Holland, who now holds title.
This bill is filed to set aside these various conveyances as fraudulent, and to subject the property to the lien of complainant's judgment. There is no question as to the first conveyance by Herman Wachendorf being in fraud of creditors; that is practically admitted. But the subsequent conveyances are also attacked on the ground that the parties thereto either had notice of the fraudulent nature of the original conveyance, or of such facts as would put them on inquiry, and thus amount to notice in equity.
As to the defendants Linkogel and Holland, I announced at the hearing that the bill would be dismissed as to them, because I was convinced that they were bona fide purchasers for value, without notice of complainant's rights, or of such facts as would have put them on inquiry, and although this question has been fully argued in complainant's brief, I can see no reason now to alter my decision previously announced. *Page 175 
The question as to the position of the defendant Theresa Wachendorf is more difficult. It is quite clear that she had no actual notice of complainant's claim or judgment, but it is contended that at the time of the conveyance to her, in 1914, the judgment then being of record, she was then put on inquiry as to the character of the prior conveyances by her son to his wife, through an intermediary, and that she accepted the conveyance to her subject to all equities in favor of complainant. It is also urged that she had sufficient knowledge of her son's financial difficulties to have put her on notice. The answer to these two propositions is that, as to the first, she had no actual notice of the claim or judgment and was not obliged to search the records for judgments beyond the date of the record of the conveyance from her son to Mortenson, the intermediary; and, as to the second, there is no proof of any knowledge on her part of the financial condition of the son. All the argument of the complainant is based on inference and suggestion. At the time of the conveyance to the defendant Theresa Wachendorf, in 1914, it was subject to a mortgage of $1,800, so that the value of Herman Wachendorf's share was one-sixth of $3,900, or $650. Theresa Wachendorf testified that Herman owed her and her sister various sums amounting to the difference between the $650, which would otherwise have been due Herman, and the amount of the check which he received representing the balance due him after the deduction of those debts. In this she is corroborated both by the testimony of the defendant Herman Wachendorf and documentary evidence. There is no testimony offered in contradiction of these facts. Coupled with this situation is the long delay of the complainant to seek the aid of this court, during which period some witnesses have died, and time has affected the memory of others. I shall therefore advise a decree dismissing the bill. *Page 176